Punch v. Bridenstine. And hear from Ms. Dotla first of all. Good morning, Your Honors, and may it please the Court. My name is Kirti Dotla, and I represent the appellant, Ms. Johnnetta Punch, and I've reserved three minutes for rebuttal. There are two separate issues in this case, each relating to a different set of claims. With the Court's permission, I'd like to quickly lay out those issues and the claims they relate to. The first issue is whether the District Court was correct to dismiss the discrimination claims in Ms. Punch's District Court complaint on election of remedies grounds, based on its conclusion that she should have raised those claims before the Merit Systems Protection Board. Those claims were first filed in the EEO-62 complaint with NASA, and they involve her performance evaluation and the denial of her transfer request. The second issue is whether the District Court was correct to dismiss her civil service claims on statute of limitation grounds, based on its conclusion that those claims belonged to District Court, where they were subject to a shorter 30-day statute of limitations. Those claims were first filed in her appeal of her removal to the Merit Systems Protection Board, and concern her removal. Both of the District Court's conclusions were wrong. I'd like to start with the election of remedies issue, and then turn to the transfer issue. On the election of remedies issue, Ms. Punch was not required to raise the discrimination claims in her EEO-62 complaint before the MSPB, because the only action before the MSPB was her removal, and the discrimination claims relate to two separate earlier actions. And we know this is true for three reasons. The first is that NASA itself has already said so, when it initially processed her EEO-62 complaint. The second is because the statute clearly says so when setting out the claims the Merit Systems Protection Board would have had jurisdiction to hear. And the third is because the relevant administrative agencies have already rejected the rule that NASA is advocating for here on appeal. On the first point, NASA itself has already enforced the election of remedies regulations that its lawyers now invoke on appeal, and before the District Court. This can be found in the May 7, 2014 letter that NASA issued when it initially accepted her complaint, and you can see that at page 765 of the record. If it's easier to access, it's also basically reproduced at page 6 of our brief. In that letter, NASA looked at the claims that she had initially submitted as part of her EEO-62 complaint. There were five claims in that complaint, and it said one of those claims, claim 1C, which related to her removal and her proposed removal, needed to be dismissed because she had already appealed her removal to the Merit Systems Protection Board. Essentially it said, this claim concerns the same matter that you have appealed to the Merit Systems Protection Board. We can't process it. If you want to raise it, take it to the Merit Systems Protection Board. But it allowed the two claims that are at issue in her District Court complaint, the claim related to her performance evaluation, and the claim related to her transfer request, which were claims 1A and 1C of the EEO-62 complaint, to proceed through the normal process for administrative complaints, which is processing by NASA, followed by an appeal to the EEOC, followed by a complaint in District Court. The second reason we know that there is no election of remedies problem with Ms. Punch's District Court complaint is because the statute that governs when the Merit Systems Protection Board has jurisdiction to hear discrimination claims clearly provides that the Merit Systems Protection Board would not have had jurisdiction to hear these two discrimination claims. In other words, even if Ms. Punch had sought to take those claims before the Merit Systems Protection Board, it would not have been able to hear them. We know this is true because ordinarily the Merit Systems Protection Board has jurisdiction to hear discrimination claims. Those are processed for federal employees first by the relevant federal agency and then by an appeal to a specific office within the EEOC. There is a limited exception to this rule, and that is when a Merit Systems Protection Board already has jurisdiction to hear a claim under the Civil Service Reform Act related to a specific employment action, then it also has jurisdiction to hear a claim when an employee alleges that, quote, a basis for the action was discrimination, quote. You can find this in 5 U.S.C. 7702A1. So as the clear text of that statute indicates, if the MSPB is already hearing a claim under the Civil Service Reform Act related to a specific employment action, it can hear a tag-along claim that that same specific employment action was based on discrimination. And the Merit Systems Protection Board's jurisdiction is very limited to a specific series of serious employment actions. And you can see this, for example, in 5 U.S.C. 4303, which is the statute at issue here, which says that when an employee is removed or demoted for unacceptable performance, the Merit Systems Protection Board can hear an appeal from that action. But no statute gives the Merit Systems Protection Board jurisdiction to hear a claim that an employee's performance evaluation violated the Civil Service Reform Act, and no statute gives the Merit Systems Protection Board jurisdiction to hear a claim that an employee's denial of a transfer request violates the Civil Service Reform Act. Additionally- Under your theory, what would have been the deadline to file in the district court for both of your EEO complaints? I'm sorry, Your Honor, I couldn't hear that. What would have been the deadline under your theory? For the EEO 62 claims, she was allowed to file a district court complaint after 180 days left from when she filed with the EEOC. So after she appealed NASA's decision to the EEOC, either the EEOC would issue a decision, which it did not in this case, or she had to wait 180 days, and that triggered her right to sue. And there is no argument from the government that if the claims were properly processed through that administrative channel for discrimination claims, that her claim wasn't timely. That's EEO 62? I'm sorry, yes, that's EEO 62. What about EEO 25? Correct, correct. You're doing both, right? Sorry? What about EEO 25? EEO 25 raised a claim that her placement on a performance improvement plan was discriminatory, and that happened even earlier than the claims at issue here, and the same arguments apply. The Merit Systems Protection Board would not have had jurisdiction to hear it. There is no election of remedies issue with it, but that claim was dismissed earlier at the motion to dismiss stage, so it's not at issue here. But it doesn't affect any of the issues in this case, so you don't need to consider it to resolve the issues on this appeal. So your only claim is the 62? The only claim arising out of the district court complaint are the two claims based on the EEO 62 discrimination complaint. There are, of course, the civil service claims, which were transferred from the federal circuit, which I will address when we discuss the transfer issue. Well, just for my own information, have you represented Ms. Punch throughout these proceedings? She was represented by counsel, yes. When did you come in? I came in for this argument. Oh, okay. Well, you certainly seem to know about these rules. Okay. Okay. So just to close the loop on this point about the statute and the Merit Systems Protection Board's jurisdiction, in addition to the fact that no statute gives the Merit Systems Protection Board jurisdiction to hear the specific actions at issue here, there's no such thing as something like pendant jurisdiction for the Merit Systems Protection Board. Its jurisdiction is action-based, not fact-based. And that explains why the third point is correct, which is that the rule that NASA is asking this court to adopt, you can see this at page 23 of its brief, is something along the lines of, when the facts of a discrimination complaint are intertwined with the facts of a Merit Systems Protection Board action, the employee must raise those claims before the Merit Systems Protection Board. And that is not true under the statute, and it's also not true according to the relevant agencies with expertise in enforcing these statutes. So you can see this in the EEOC decision that's cited at page 15 of our brief. Well, I don't think that's exactly what they're arguing. They use the language at page 23 of their brief that when the facts of a discrimination claim are interrelated and intertwined with a claim that is being heard by the MSPB, the employee should take it over to the MSPB. But I thought that normally going to the MSPB would waive your discrimination claims. That's almost right, Your Honor. So the MSPB can hear, as we've just been discussing, a tag-along discrimination claim. But that's not what... But you weren't arguing tag-along, were you? I mean, your client never argued tag-along, did she? When she initially filed her appeal to the MSPB, she argued that her removal violated the Civil Service Reform Act, and she argued that her removal itself was retaliatory. So when she appealed to the MSPB, she did have a tag-along discrimination claim. The waiver issue came up when she appealed from the MSPB to the Federal Circuit. So employees often have... Which was wrong. I'm sorry? That was wrong, appealing to the Federal Circuit. Well, the Federal Circuit said it was wrong. The Federal Circuit said it was wrong, not for the... So employees often do what Ms. Punch did, which is they have a discrimination claim that is based on the same employment action that their Civil Service claims are based on, and they often want to go to the Federal Circuit because that is the court with expertise in hearing Civil Service Reform Act claims. And so what employees do, and this is pursuant to a local rule that the Federal Circuit has, Local Rule 15c, is that the employees waive their discrimination claims by filing a form with the Federal Circuit, and they agree to proceed only on their Civil Service Reform Act claims. And that's exactly what Ms. Punch did. You can find that form at page 1337 of the record. So what do you do with the Federal Circuit saying Congress did not direct or contemplate bifurcated review of mixed cases? So what the Federal Circuit thought Ms. Punch did wrong is that she took... Because the district court complaint that arose out of the EEO-62 complaint included a claim that her removal itself was based on discrimination. And it said, even though you're not technically seeking review of the Merit Systems Protection Board's decision in two separate forum, in the Federal Circuit and the district court, you are raising essentially the same claim that you raised before the MSPB in district court. And the reason the Federal Circuit thought that, I think, is because that's what NASA told it was going on. Are you arguing that we should say the Federal Circuit was wrong? I don't think you need to say the Federal Circuit was wrong. I do think you need to look at what the Federal Circuit was told by NASA and the evidence that it had in front of it. When NASA moved to dismiss before the Federal Circuit, it told the Federal Circuit that she had raised a claim that her removal itself was discriminatory. Essentially it pointed to that claim 1C that we discussed earlier that NASA dismissed. And it also attached an earlier version of the May 7th letter that we discussed earlier. It attached a March 7th letter, which you can find at record 761. And that letter makes it seem like all of her claims were accepted for processing in the EEO-62 complaint, but that's not accurate because of the May 7th letter, which specifically dismissed her removal-based claim. So I think what the Federal Circuit thought is she had this discrimination complaint, the EEO-62 complaint. NASA is telling me that it included a claim that her removal was discriminatory. And some parts of her complaint seem to reference her removal. And so putting those together, she is attempting to bifurcate her claims. But what we know now, based on the clear record, is that no claim that her removal itself was discriminatory was ever processed through the EEO-62 complaint. And that lends credence to what she has said consistently before the Federal Circuit, before the district court, and before this court, that she was not in her district court complaint attempting to pursue a claim that her removal itself was discriminatory. So now we've moved on to this issue about the transfer. And the reason that's never raised or attempted to pursue a claim that her removal itself was discriminatory in district court is because that claim is what gives the district court jurisdiction to hear the Civil Service Reform Act claims. So the relevant statute here is 5 U.S.C. 7703b2. And it says that when you have both the civil service claim based on an action and the tag-along claim that that same action was discriminatory, the district court can hear both of those claims and has jurisdiction to hear both of those claims. But if there is no tag-along discrimination claim, and that is what we are arguing here and what we have consistently argued throughout, the Federal Circuit has exclusive jurisdiction to hear a pure civil service claim. So you do want us to return it to the Federal Circuit or what? Absolutely. We want you to return the civil service claims to the Federal Circuit. Do you have any authority whatsoever for saying that we can disagree with the other circuit on what it thinks has to be transferred? Yes, Your Honor. This court recently in January, I think, transferred a patent case back to the Federal Circuit under the same transfer statute, 28 U.S.C. 1631, on the grounds that the Federal Circuit was wrong about its jurisdictional analysis in that case. And I'd like to just make one additional point on the election of remedies issue if I could just go back just to finish up a thought that we were discussing before we turned to the transfer issue. And that is that in this decision which I referenced, which is cited at footnote 41 of our brief, the EEOC actually used to require employees to do exactly what NASA is saying Ms. Hunt should have done here. It used to say to employees if your claims are factually intertwined with the MSPB action, you should send your claims over there. And the MSPB told the EEOC to stop doing that because it didn't have jurisdiction to hear interrelated claims unless the underlying action could be appealed to the MSPB. And so the EEOC itself has described this doctrine that the government is now arguing for as an opinion. And so that's a third reason to reject the election of remedies argument that the government is offering here and to allow the EEO 62 claims in her district court complaint to proceed in district court. If there aren't any further questions, I'll save my time for rebuttal. Well, what about the untimeliness of your district court case? The reason the district court thought the civil service claims were untimely is because there are two different statutes of limitations. If an employee waives her discrimination claim, the tag-along discrimination claim, and takes her case to the federal circuit, there's a 60-day statute of limitations. So what is very clear is that that's what she was trying to do, and she's acted in line with that attempt throughout the district court proceedings. She attempted to waive her discrimination claims and file in the federal circuit subject to that longer statute of limitations. But there is a shorter statute of limitations that applies, a 30-day statute of limitations, when you take both of your civil service claims and the tag-along discrimination claim to district court. So the district court here thought because her claims belong in district court, they're subject to the shorter statute of limitations and they're untimely. But we believe the claims belong before the federal circuit where they were initially filed and where they were timely. Okay. We have your argument. All right. Ms. Marcus. Thank you, Your Honor. Excuse me. Good morning. I'm Stephanie Marcus from the Department of Justice, and I represent Appalease. Here, both the federal circuit and the district court correctly concluded that the plaintiff's claims arose from the same underlying challenge to her discrimination. And I wanted to quickly correct the record of what the government told the federal circuit and what the federal circuit actually held. What the federal circuit was looking at was plaintiff's district court complaint. And the government did inform the court about the plaintiff's district court complaint. And the federal circuit pointed out in its opinion, and this is quoted in our brief, the underlying nature of this appeal and Ms. Punch's district court complaint are not, as she asserts, entirely separate actions. Far from it. In count five of her complaint, termination on the basis of retaliation under Title VII, Ms. Punch asserts she was removed from her position as retaliation for the filing of her EEO complaints. The plaintiff's argument here completely ignores the fact that in the district court complaint, not an underlying administrative complaint itself, there is a separate count alleging termination, count five, and that in all of the previous counts, the concluding paragraph references the termination. And these are all part, these other claims are all part of the same challenge to the termination because the unacceptable performance rating, which she is now saying is the central part of the EEO 62 complaint, is that that was the reason that she was terminated. And she asserted that the performance rating, the denial of the transfer, the not getting enough resources to perform on her performance improvement plan, these were all because of discrimination and retaliation. And the agency from the beginning, when the agency issued the termination letter to Ms. Punch, it informed her of the requirement to elect proceeding through the EEO process or the MSPB. Here she made the election to challenge her termination through the MSPB appeal, which she filed before the EEO 62 complaint. And once she made that election, she then was required to proceed through the MSPB. As part of the record on appeal, we have the MSPB decisions, we have her petitions for review in the MSPB, and she has acknowledged that before the MSPB she did assert a Title VII retaliation claim. And these are all part of the same underlying personnel action, which is the termination. Are you aware of any cases from our court or otherwise where we've said that it's not the same matter if the thing you're trying to bring to the MSPB, they don't have jurisdiction to decide? Your Honor, the cases that we have cited in our brief, and we have a couple per curiam unpublished decisions from this court discussing the fact that once you elect the MSPB and you're challenging the same matter, you have to proceed that way. But the cases from the other circuits that we rely on, actually, one really very good example is from the Eleventh Circuit, Chappell v. Chau, where there was actually, the plaintiff was put on a performance improvement plan, and the court said, and also references a previous case from the Eighth Circuit, as in McAdams, which we also cite, Chappell's various administrative filings raised related issues and arose out of overlapping facts, and that she was, all of these complaints related to the same underlying action. And the district court also did its own independent review here. And I'm sorry, Your Honor, in answer to your question, I don't have a case that goes the other way. You could hypothetically think of such a case if a plaintiff had completely different supervisors and five years before some ultimate, there could theoretically be, of course, discrimination claims that are not tied and interrelated to the same underlying input. Let me try to get at it a slightly different way, because what I'm trying to hypothesize is a case where it is indisputably the same matter. Yes. But the claims that are brought to the MSPB are jurisdictionally barred for the MSPB's consideration, and therefore we would hold as a matter of law they're somehow not the same matter. That's what I take your friend on the other side to be arguing. But, Your Honor, if they are all part of the same underlying matter, then the MSPB does have jurisdiction. And the Federalist Circuit itself in the Williams case made that clear when it explained why these cases can't be bifurcated. Because if a court is reviewing the MSPB, undoubtedly even in a non-mixed case has jurisdiction to review a removal as a personnel action. And if whereas here you have a case where the only other actions challenged are in between the notice of, well, first of all, the notice of proposed removal is the same day as the unacceptable performance rating. Those are basically a challenge to the same thing. And then the only other things she challenges are between that time and the ultimate final determination. The MSPB would have jurisdiction to consider all of those. Well, let me give you one where I know they wouldn't. So what if in the context of the removal, they sit down and there's a conversation between a supervisor and an employee to communicate we are terminating your employment at a federal agency like NASA. And in that conversation, so you have a removal, right? That's obviously all part and parcel of the same stuff that's in this case. But then there's an independent claim for damages that comes because somebody with the supervisor says something racially discriminatory or there's a tort committed in, you know, someone punches somebody. Like you can imagine a set of circumstances where it just would not be an MSPB proceeding. It would be jurisdictionally barred. It would have to go some other place, maybe district court, maybe the court of federal claims. And so my question is, how do you think about a claim that comes out of, indisputably comes out of the same matter, that is the termination discussion with the MSPB? I would argue, Your Honor, that in your example, and I agree you'd be right. And for example, if someone at the agency committed a tort or assaulted the plaintiff during the same work, that wouldn't arise from the same underlying complaint of discrimination. I think we are relying here and the federal circuit and the district court also relied here on the procedural history of this individual case. We're looking at a complaint where the actors are all the same people she's challenging. She's challenging their motivation and saying they had a discriminatory motive and had a retaliatory motive. And she also has a separate civil service claim, but they're all interrelated. And I think if you truly had something that was, you know, a different actor and you had a complaint that had What kind of complaint would an employee have anyway if the employee is for freestanding discrimination? In other words, don't you have to have an adverse action, an adverse employment action? And can you get damages against the federal employee or the government or has it waived its sovereign immunity for, you know, emotional damages or whatever? Well, Your Honor, that's a very good point. We did have a motion for summary judgment on those points pending that became moot. And we're not arguing this. I was just thinking about the hypothetical. You do, for under Title VII and the hypothetical, you would need an adverse employment action. And in, but I just took Judge Oldham's question. Right. Yes, so. Sorry. That's quite all right. That's actually a very good point. And we did make those arguments below, but the court reached the election of remedies and the untimeliness issues and correctly decided both of them. What do you say about the untimeliness? Your Honor, to the extent the plaintiff is still asking for equitable tolling, I read their reply brief to say you don't need to get to that because these are separate. And again, we just ask you to follow the. Well, she just argued to us that it's a 60-day and not a 30-day. Yes, it is a 60-day if you're applying to the federal circuit and you truly do waive your discrimination claims. Here, before the federal circuit, she claimed that she was doing that, but when presented with the fact that she had a district court complaint challenging her termination, she didn't voluntarily dismiss the district court complaint. She didn't dismiss even that one count. She didn't dismiss her request for reinstatement, which could only relate to a relief for termination. So here, she acknowledged there is a separate statute of limitations. It's 30 days. And the MSPB here made very clear to plaintiff that there was a 30-day deadline. The MSPB correctly gave her the instruction that if she wanted to go to district court, she needed to do so in 30 days, and she didn't. And we think the district court was completely within its discretion by saying no equitable tolling is warranted. Unless the court has further questions, we rest on our brief. All right. Thank you. Thank you very much. Your Honor, just a couple of quick points on rebuttal. First, I'd like to just reiterate that the Federal Circuit thought two things in order to reach its conclusion. First, it thought that she had raised a claim that her removal was discriminatory in her EEO 62 complaint, incorrectly based on the representations that NASA made before that court. And then it looked at her complaint and said, well, because the complaint mentions termination, she must be continuing to pursue those claims that she made. And we have explained that the first premise is incorrect because of NASA's letter at page 765 of the record. And the second premise is also incorrect. If you look at the complaint, what each count does is it identifies discrimination that took place at time one, and then it says, but for that discrimination, nothing that happened at time two would have happened. And she's entitled to make that kind of claim under the relevant regulations. So those regulations are at 29 CFR 107.501. And those, if you look at the relief sought in the complaint, it basically parrots those regulations. So she seeks the same kind of injunctive relief mentioned in those regulations. And then those regulations say the employee can ask to be put back in the position that she would have been in, but for the discrimination. And so that's why she mentions reinstatement, because of her theory that if she hadn't been discriminated against at time one, nothing else would have happened. But she does not in her complaint seek relief on the basis of a claim that her removal was discriminatory. And you know that because not only whatever, you know, to the extent that the complaint could have been drafted better, her actions in district court are perfectly consistent with her waiver of any kind of complaint. And if you look at what the government cites to say otherwise, I think this is at page 27 of their brief, they cite to a legal statutory interpretation argument that Ms. Punch made to say that the federal circuit has exclusive jurisdiction over these kinds of retaliation claims, essentially to say these claims never belonged in the district court in the first place. They don't cite anything in the merits brief on summary judgment. And they don't cite anything to say that she actually did seek relief on the basis of this kind of claim. The next point is just to address one point that Judge Oldham made, which is the reference to the same matter. And I think the way to think of the same matter language, which is in the relevant regulations, is the same employment action. So not to think of same matter as a set of facts, but the underlying employment action. And that's an easy to administer rule that was administered correctly here. And finally, I'd like to say in reference to the Second Circuit case Economo cited in the briefs, that is sort of helpfully parallel to the case here, where the employee had a set of pre-removal claims and then a removal claim. The removal claim was dismissed on election of remedies rounds. The pre-removal claims were allowed to go forward. And one of the reasons that employees often have a set of pre-removal claims and a removal claim itself is because here at the underlying statute, 5 U.S.C. 4303, requires separate decision makers, both for the proposed removal and the ultimate removal. And so often there will be an allegation of discrimination at time one that doesn't translate over to discrimination at time two because the decision maker changes. So we would ask that you reverse the district court. I mean, the final question I have is that Ms. Marcus pointed out that the Federal Circuit cites the district court complaint, termination, count five, termination on the basis of retaliation under Title VII. We agree that the Federal Circuit looked to the complaint. And what we think the Federal Circuit did wrong was elevate form over substance. There are no allegations in the factual section of the complaint that would support a claim that the removal itself was retaliatory. Removal is mentioned in only one paragraph of the Discussion of Exhaustion to prove that she properly exhausted her claims and discusses the EEO 25 and 62 complaints. And as we've already discussed, there is no claim that her removal itself was based on discrimination in those complaints. So you would have to believe that she raised a claim in count five that was not exhausted and had no factual allegations to support it. Well, that might make it a bad complaint, but it is. I mean, that might make it a bad complaint, but it is in the complaint. I'm sorry. It might make it a bad complaint that she doesn't have factual obligations to support it there, but it is in count five and the Federal Circuit did rely on it. The question the Federal Circuit was asking is, is she raising this claim, not does her complaint use the word retaliation? And it thought she was raising the claim because of the combination of these two factors. It's misperception of the EEO 62 complaint put together with its reading of the complaint. And we don't think you can get to that full conclusion without thinking both of those things are true. And because the first one isn't, you should take the plaintiff at her word that she is not raising this claim. Thank you, Your Honors. Thank you. We'll call the standing recess until nine o'clock.